IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JERRY ANTHONY BOGAN                                                    PETITIONER

v.                                                                         No. 3:20CV284-NBB-DAS

JESSIE WILLIAMS
STATE OF MISSISSIPPI, ET AL.                                           RESPONDENTS

### ORDER TRANSFERRING CASE TO THE
### FIFTH CIRCUIT COURT OF APPEALS

This matter comes before the court, *sua sponte*, for consideration of the transfer of this cause. Jerry Anthony Bogan has submitted a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. The petitioner was convicted for robbery with a deadly weapon and depraved heart murder and was sentenced on May 9, 1988, to serve thirty years on the robbery conviction and a consecutive term of life on the murder conviction. *See* Exhibit A[1]; *see also* State Court Record ("SCR"), Cause No. 1998-KA-1136, Clerk's Papers at 54-55. The petitioner has filed at least one other unsuccessful 2254 petition concerning the same conviction which he now seeks to challenge. *See Bogan v. State of Mississippi*, 2:02CV245-MPM-EMB (final judgment of December 17, 2002, dismissing petition with prejudice as untimely filed). This court denied a Certificate of Appealability on April 9, 2003. *See* Exhibit F. The court also denied Mr. Bogan's two motions for reconsideration. *See* Exhibit G. On August 20, 2003, the United States Court of Appeals for the Fifth Circuit denied Mr. Bogan a Certificate of Appealability. *See* Exhibit H. The United States Supreme Court denied his petition for writ of certiorari on January 12, 2004. *See Bogan v. Mississippi*, 540 U.S. 1125 (2004).

---

[1] The exhibits referenced in this order may be found in the State's Motion to Dismiss.

On October 26, 2020, Bogan submitted the instant *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 in this court, again challenging his convictions for depraved heart murder and robbery with a deadly weapon from the DeSoto County Circuit Court and resulting consecutive sentences of life plus thirty years. Doc. 1. In his petition, Mr. Bogan raises four grounds for relief, *pro se*, including, *inter alia*, a claim that his sentence is illegal. *Id*. He contends in paragraph 18 that his petition should not be dismissed as untimely because "petitioner's sentence is illegal[] and he receive[d] ineffective assistance of counsel." *Id.* at 13.

The Antiterrorism and Effective Death Penalty Act requires that before a district court files a second or successive petition, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The phrase "second or successive" applies to an *entire application*, not merely to individual claims in an application. *Magwood v. Patterson*, 561 U.S. 320, 334 (2010) ("AEDPA uses the phrase 'second or successive' to modify 'application.'") In addition, "an application filed after a previous application was adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, n. 7 (5th Cir. 1999) (citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63 (1996)).

The dismissal of a federal petition for a writ of *habeas corpus* as untimely is a determination "on the merits" for purposes of the successive petition rule; "[t]hus, a *habeas* petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes." § 11:49. Initial petition dismissed as untimely, Federal Habeas Manual § 11:49. Mr. Bogan's petition is clearly his second; as such he must obtain

permission from the Fifth Circuit Court of Appeals to proceed with the second petition in this court.

The petitioner has not obtained such an order from the Fifth Circuit. Rather than dismissing the petition on this basis, the Fifth Circuit permits district courts to transfer the petition for consideration pursuant to 28 U.S.C. § 2244(a) and (b)(3)(c). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Therefore, in the interest of justice and judicial economy, it is **ORDERED:**

1) That this petition will be transferred to the Fifth Circuit Court of Appeals for the petitioner to seek leave to file this successive § 2254 petition;

2) That the Clerk of Court is **DIRECTED** to **TRANSFER** this petition and the entire record to the Fifth Circuit Court of Appeals in accordance with 28 U.S.C. § 2244(a) and (b)(3)(c), and *In re Epps*, 127 F.3d at 365; and

3) This case is **CLOSED.**

**SO ORDERED**, this, the 23rd day of August, 2021.

                                    /s/ Neal Biggers
                                    NEAL B. BIGGERS
                                    SENIOR U. S. DISTRICT JUDGE